**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| TAMIKA DANIELS | : | |
| *Plaintiff*, | : | Civil Action No: _____ |
| | : | |
| V. | : | |
| | : | |
| HOME DEPOT U.S.A., INC. | : | |
| *Defendant*. | : | April 3, 2023 |

## DRAFT COMPLAINT

1. In the course of falsely accusing her companion of stealing from its Wallingford Store, Defendant's employee made false and racist accusations against Plaintiff, the conduct violated Plaintiff's rights to be free from intentional and negligent infliction of emotional distress and reckless conduct.

### Jurisdiction

2. Plaintiff brings this case pursuant to the statutes and laws of the State of Connecticut. This court has jurisdiction pursuant to 28 U.S.C. Section 1332: Plaintiff is a citizen of Connecticut, the defendant is a citizen of Atlanta, Georgia, and the amount in controversy meets the jurisdictional requirement of the statute.

### Facts

3. Plaintiff's friend Emmanuel Ford had cans of paint that needed to be mixed, and Home Depot has a mixer. Plaintiff gave Mr. Ford a ride to the store and waited for him outside in her car. Mr. Ford brought the cans of paint into the store in a shopping cart, the employee mixed them and put them back in a cart, and Mr. Ford wheeled the cart and paints into the parking lot, where Plaintiff was waiting for him in her car.

1

4. One of Defendant's employees followed Mr. Ford out of the store and said, loudly and falsely, "That's all you people ever do is steal," and "you people are nothing but a bunch of no good thieves."

5. The basis for the employee's misconduct was Mr. Ford's race.

6. Mr. Ford and Plaintiff are Black, and the employee accused Plaintiff in the same terms, saying, among other things, words to the effect of, "That's all you people do. You're just waiting for him; you're the getaway driver!" and adding the self-undermining declaration that she had called Mr. Ford a "thief," while if she were a racist, she "would have called him a nigger." Meanwhile, she also forcibly grabbed Mr. Ford's shopping cart to prevent him from unloading his paints.

7. The conduct of Home Depot's employee, including racist smears, invective, and the forcible conduct of grabbing the shopping cart, all in the midst of what had seemed to be and should have been an entirely ordinary and benign event, frightened Plaintiff and left her badly shaken and has caused her severe and ongoing emotional distress for which she has required mental health treatment.

**FIRST CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

8. The defendant's racist conduct, through its employee, was extreme and outrageous, and the defendant through its employee intended to inflict emotional distress on Plaintiff and knew or should have known that emotional distress was likely to result from its conduct.

9. The emotional distress Defendant's conduct inflicted on Plaintiff was severe.

**SECOND CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

10. The defendant through its employee knew or should have known that its conduct involved an unreasonable risk of causing emotional distress and that such distress, if it were caused, might result in illness or bodily injury.

11. The defendant's negligent and reckless racist conduct caused Plaintiff severe emotional distress.

12.  The distress Plaintiff suffered was of such a nature that it has resulted and may in the future result in illness or bodily harm.

13. The distress suffered by Plaintiff was foreseeable and reasonable in light of Home Depot's conduct.


**<u>Prayer for Relief</u>**

WHEREFORE, Plaintiff requests the following relief:

    A.  Compensatory Damages;

    B.  Punitive Damages against Home Depot for its conduct, which evidences a willful, wanton, and reckless disregard of his rights;

PLAINTIFF


By  /s/  David N. Rosen
David N. Rosen, CT00196
David Rosen & Associates, P.C.
400 Orange Street
New Haven, CT 06511
(203) 787-3513
(203) 789-1605 Fax
drosen@davidrosenlaw.com

## CLAIM FOR JURY TRIAL

Plaintiff claims trial by jury.