U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT (NEW HAVEN)

| | |  |
|---|---|---|
| TAMIKA DANIELS, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO. 3:23-cv-00415-JAM |
| | ) | |
| V. | ) | |
| | ) | |
| HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

## DEFENDANT HOME DEPOT U.S.A., INC.'S ANSWER AND JURY DEMAND

NOW COMES the Defendant, Home Depot U.S.A., Inc. ("Home Depot"), by and through its attorneys, Manning Gross + Massenburg LLP, and hereby answers the Plaintiff, Tamika Daniels' ("Plaintiff"), Complaint as follows:

### DRAFT COMPLAINT

1. Home Depot denies the allegations set forth in Paragraph 1 of the Complaint.

### JURISDICTION

2. The allegations set forth in Paragraph 2 of the Complaint contain conclusions of law to which no responsive pleading is required and Home Depot therefore leaves Plaintiff to her proof.

### FACTS

3. Home Depot lacks sufficient knowledge and information to admit or deny the truth of the allegations set forth in Paragraph 3 of the Complaint and therefore leaves Plaintiff to her proof.

4. Home Depot lacks sufficient knowledge and information to admit or deny the truth of the allegations set forth in Paragraph 4 of the Complaint and therefore leaves Plaintiff to her proof. To the extent that the allegations set forth in Paragraph 4 of the Complaint could be construed as alleging liability, fault, or wrongdoing attributable to Home Depot, however, they are expressly denied.

5. Home Depot lacks sufficient knowledge and information to admit or deny the truth of the allegations set forth in Paragraph 5 of the Complaint and therefore leaves Plaintiff to her proof. To the extent that the allegations set forth in Paragraph 5 of the Complaint could be construed as alleging liability, fault, or wrongdoing attributable to Home Depot, however, they are expressly denied.

6. Home Depot lacks sufficient knowledge and information to admit or deny the truth of the allegations set forth in Paragraph 6 of the Complaint and therefore leaves Plaintiff to her proof. To the extent that the allegations set forth in Paragraph 6 of the Complaint could be construed as alleging liability, fault, or wrongdoing attributable to Home Depot, however, they are expressly denied.

7. Home Depot lacks sufficient knowledge and information to admit or deny the truth of the allegations set forth in Paragraph 7 of the Complaint and therefore leaves Plaintiff to her proof. To the extent that the allegations set forth in Paragraph 7 of the Complaint could be construed as alleging liability, fault, or wrongdoing attributable to Home Depot, however, they are expressly denied.

**FIRST CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:**

8. Home Depot denies the allegations set forth in Paragraph 8 of the Complaint.

9. Home Depot denies the allegations set forth in Paragraph 9 of the Complaint.

**SECOND CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:**

10. Home Depot denies the allegations set forth in Paragraph 10 of the Complaint.

11. Home Depot denies the allegations set forth in Paragraph 11 of the Complaint.

12. Home Depot denies the allegations set forth in Paragraph 12 of the Complaint.

13. Home Depot denies the allegations set forth in Paragraph 13 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Home Depot asserts that the Complaint fails to state a claim for which relief can be granted.

**SECOND DEFENSE**

Home Depot denies the Plaintiff is entitled to any of the relief as demanded or to recovery in any amount.

**THIRD DEFENSE**

By way of affirmative defense, Home Depot says that if the Plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct Home Depot was not and is not legally responsible.

**FOURTH DEFENSE**

By way of affirmative defense, Home Depot states that the injuries alleged were caused by the intervening and/or superseding acts of third persons for whose conduct Home Depot is not liable.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH DEFENSE

Plaintiff lacks standing.

## EIGHTH DEFENSE

Plaintiff's claims are barred by the statute of limitations pursuant to C.G.S.A. § 52-577.

## NINTH DEFNESE

By way of an affirmative defense, the speech which allegedly injured Plaintiff does not rise to the level of extreme and outrageous conduct.

Home Depot reserves the right to raise such additional defenses as they become known and/or available during the course of this action.

WHEREFORE, Home Depot requests that the Court enter judgment in its favor on all counts of the Complaint, plus reasonable costs and attorney's fees.

## CLAIM FOR JURY TRIAL

Defendant, Home Depot U.S.A., Inc., claims trial by jury.

**THE DEFENDANT,
HOME DEPOT U.S.A., INC.,**

By its attorneys,

*/s/ Caroline B. Lapish*

_____

Caroline B. Lapish, Esq., CT30238
Manning Gross + Massenburg LLP
125 High Street
Oliver Street Tower, 6th Floor
Boston, MA 02110
clapish@mgmlaw.com
Phone: (617) 670-8304

Dated: March 20, 2024

## **CERTIFICATE OF SERVICE**

      I certify that on March 20, 2024, I caused a true copy of the foregoing document to be served by email upon the following counsel of record:

David N. Rosen
David Rosen & Associates, P.C.
400 Orange Street
New Haven, CT 06511
drosen@davidrosenlaw.com

                                         /s/ Caroline B. Lapish
                                         _____
                                            Caroline B. Lapish, Esq.